INGRAM, Presiding Judge.
This appeal is from a judgment after remand. For facts pertinent to the original appeal, see Williams v. Williams, 554 So.2d 1046 (Ala.Civ.App.1989).
In that appeal, we determined that the trial court erred in its reduction of future periodic alimony payments. We determined that an order to pay past-due alimony was an unacceptable reason for reducing future periodic alimony payments. We remanded the case to the trial court for entry of judgment on proper legal grounds. We further directed the trial court to require the payment of a sum sufficient to satisfy the accumulated arrearage and interest thereon.
On remand, the trial court reinstated the original amount of alimony, as found in the property settlement agreement. It also increased the amount payable towards the accumulated arrearage and interest.
On this appeal, the husband insists that the trial court did not follow the mandates of this court. He asserts that our original opinion validated the trial court’s reduction in future periodic alimony payments. He contends, therefore, that the trial court lacked jurisdiction to modify its previous order “after it had been affirmed on appeal.”
The husband’s argument is misplaced and without merit. As noted previously, we remanded this case to the trial court because we found, among other things, that it had considered an unacceptable rea *371 son in its determination to reduce the amount of alimony payments. We in no way affirmed the trial court’s reduction. After a thorough review of the order after remand, we find that the trial court followed the mandates of this court. Accordingly, this case is due to be affirmed.
The wife’s request for attorney’s fees for representation on appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.