This is a child support arrearage case.
The parties were divorced in 1974 by a Georgia court, and the mother was granted the custody of their two children, who were then ten and six years of age. The father was directed to pay $160 per month as child support for one year, and thereafter the amount was increased to $100 monthly per child until they each became eighteen years of age. *Page 908 
The mother sought to enforce the Georgia divorce decree in the Circuit Court of Montgomery County. She averred that, as of November 13, 1984, the father was in arrears in the amount of $18,785 and that the father had become further delinquent since that date. She sought an order for continuing income withholding by the father's employer for current support as well as for the past-due support. She prayed for a judgment against the father for $18,785 and interest thereon from November 13, 1984. She sought a reasonable attorney's fee. The father filed an answer, and he represented himself at an oretenus evidentiary hearing before the trial court where both parties testified.
It was adjudged by the trial court that the child support arrearage through November 13, 1984, in the amount of $18,875 shall be paid by the father through wage withholding at the rate of $40 per month. Child support was continued for the remaining minor child at the rate of $80 per month for four months through the month of September 1985, at which time that son became eighteen years of age, the payments to be made through continuing wage withholding by the father's present, or any future, employer. The father was adjudged to be in contempt of court. No express provision was made in the judgment for the award or payment of interest, and no award was made for an attorney's fee to the wife's attorney.
The mother filed a motion that the trial court alter, amend, and reconsider the judgment. That motion was denied, and the mother timely appealed. No brief has been filed by or on behalf of the father.
According to the statement of the evidence, as settled and approved by the trial court, the father's gross wages are $944 every two weeks. His net earnings alternate between $621 on one pay period and $597 for the next. The father has a life estate in some realty in Georgia. He has remarried and resides in a home which is owned by his present wife. At the time of the trial, the parties' son was seventeen years of age and still resided with his mother. He will attend college. The daughter is an adult college graduate. She is married and presently serves in the military forces of this country.
The mother complains that the trial court erred in not expressly awarding interest. A failure to impose interest on past-due child support installments is error where such issue is properly raised in the trial court. Stewart v. Johnson,401 So.2d 101 (Ala.Civ.App. 1981). The trial court determined that the child support arrearage amounted to $18,875 through November 13, 1984, but it did not order that interest be imposed from that date. The trial court erred in not ordering that said sum draws interest from November 13, 1984, at the rate of twelve percent per year, the rate of interest as to judgments in both Alabama and Georgia. We point out that interest was only sought by the wife from that 1984 date.
The mother's next issue pertains to the trial court's order that the father pay that arrearage of $18,875 at the rate of only $40 per month through continuing withholding.
The legislature has provided that, upon a finding that previously ordered support payments are delinquent, the trial court may issue an order directing the obligor's (here the father's) employer to withhold and pay over to the clerk from income due or to become due to the obligor at each pay period an amount which the trial court finds necessary to comply with the original order of support "plus, in the court's discretion, an amount reasonably sufficient to satisfy any accumulatedarrearage, subject to the restriction of section 30-3-67." (Emphasis supplied.) Ala. Code (1975), § 30-3-62 (a).
The amount of $40 per month would not keep the current interest paid on the child support arrearage even if the interest rates were to drop to a three percent annual percentage rate instead of the present rate of twelve percent. If the $40 per month payments were totally applied towards only the principal, it would take in excess of thirty-nine years to extinguish *Page 909 
the principal only. In short, the accrued principal for child support and interest thereon would never be paid at the rate of only $40 per month. Accordingly, $40 per month payments as ordered by the learned trial judge do not constitute an amount which is reasonably sufficient to satisfy the accumulated arrearage, and the trial court abused its discretion in establishing such a low monthly payment figure. For a comparable case, but one which does not involve continuous withholding, see Osborne v. Osborne, 57 Ala. App. 204,326 So.2d 766 (Ala.Civ.App. 1976).
On remand, the trial court shall consider the amount of the father's income to be continuously withheld and applied towards the payment of the $18,875 arrearage and interest thereon. In that connection, we suggest that a percentage of not less than fifteen percent (15%) of the father's gross income would be reasonable. Past and future withholdings from his income shall be applied originally toward the payment of accumulated interest until it is fully paid and is on a current basis. Thereafter, each month's withholdings shall be applied, first, towards current monthly interest on the judgment, and second, the balance thereof shall be credited against the principal of the $18,875 arrearage itself.
The mother's next issue concerns the failure of the trial court to order the father to pay to the mother child support payments of $100 per month which were due for the five monthly installments between November 13, 1984, and the date of the entry of the final judgment. She further contends that the amount of support for the four months from May 15, 1985, through September 1985, when the son became eighteen years of age, should not have been reduced by the trial court from $100 per month to $80 per month. There is a complete absence in the approved statement of facts of any evidence which proves aprima facie case for any judgment for child support payments after November 13, 1984. Consequently, we have no alternative but to affirm as to these issues.
The trial court did not award an attorney's fee to the mother's counsel. That matter was within that court's discretion. We fail to see an abuse thereof after reading the statement of the evidence. Additionally, that factual statement does not disclose that any testimony was provided as to the reasonableness of such a fee. This aspect of the judgment is affirmed. Lewis v. Lewis, 416 So.2d 755 (Ala.Civ.App. 1982).
For the reasons expressed above, the final judgment is reversed in part and it is affirmed in part. Upon remand, the trial court shall enter a judgment complying with this opinion.
The mother is awarded, and the father shall pay, an attorney's fee upon this appeal of $400.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
All the Judges concur.