ROBERT P. BRADLEY, Retired Appellate Judge.
Virginia Ann Williams and Thomas G. Williams were divorced in December 1974. The wife was awarded, among other things, periodic alimony of $250 per month.
On March 9, 1988 the wife filed a motion asking that husband be held in contempt for failure to pay periodic alimony. She alleged that the husband had not paid any alimony since 1974. On November 16, 1988, after a prior hearing, the court found that the husband owed the wife $41,500 in unpaid alimony, plus interest. On December 15, 1988 the husband filed a motion for a new trial and to modify the divorce decree by reducing the alimony payments.
On February 8, 1989, and after an evi-dentiary hearing held on February 1, 1989, the trial court denied the motion for new trial but amended its decree to hold husband in contempt for failure to pay alimony, revised the amount of alimony in arrears, and awarded interest in the amount of $28,930. The court further found that the husband’s ability to pay the alimony had been reduced and that the “new” burden of the accrued arrearage and interest thereon had further reduced his ability to pay the previously ordered alimony. Therefore, the court reduced the alimony payments to $100 per month and ordered that the arrearage be paid off at the rate of $150 per month.
There is no transcript of the testimony heard by the court at the hearing on the motion to modify the divorce decree in the record on appeal. The appeal is from the judgment of the court modifying the divorce decree.
The wife contends in brief that the trial court erred by reducing the amount of alimony from $250 a month to $100 because there were no material changes in circumstances of the husband. The wife further contends that the trial court abused its discretion by ordering that the arrearage *1047 and interest of about $70,500 be paid off at the rate of $150 per month.
A trial court may modify a periodic alimony decree upon a showing of changed circumstances of one or both of the parties. Such a modification will not be reversed on appeal unless the record clearly reveals an abuse of discretion. Taylor v. Taylor, 369 So.2d 1240 (Ala.Civ.App.1979). Wife argues that the only change in circumstances is the increase in husband’s income. However, as pointed out by husband in brief, there is no transcript of the testimony heard by the trial court at the hearing on the motion to modify.
In the absence of a transcript of the testimony upon which the trial court’s judgment is based, we are required to conclusively presume that the trial court’s judgment is supported by the testimony. Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App.1987). However, wife says that the husband’s petition to modify requested reduction in alimony on the ground that he could not continue to make the alimony payments and at the same time make payments on the large arrearage. Moreover, the trial court agreed and said in its judgment that one of the reasons for reducing the alimony payment was the requirement that husband reduce the arrearage by making monthly payments on it.
In Osborne v. Osborne, 57 Ala.App. 204 326 So.2d 766 (Ala.Civ.App.1976), we said that a trial court was not authorized to consider payments on past-due child support as a reason for reducing present and future child support. Part of the basis for this conclusion was that an inadequate monthly payment reduction of an arrear-age has the effect of retrospectively modifying the past-due alimony judgment. Such a result is unacceptable. Likewise, we consider an order to pay past-due alimony an unacceptable reason for reducing future periodic alimony payments. Since it clearly appears from the trial court’s judgment that the trial court based its judgment, which reduced future alimony payments, at least in part, on an unacceptable reason, we must reverse the judgment and remand for entry of judgment on proper legal grounds.
In support of her second issue, wife argues that the judgment ordering husband to pay $150 per month on the $70,500 arrearage is totally insufficient. At that rate, she says, the arrearage will not be paid off in her lifetime.
In the case of Hawkins v. Harvey, 481 So.2d 907 (Ala.Civ.App.1985), the husband had been ordered to pay off a child support arrearage of $18,875 at the rate of $40 per month. His gross wages were about $1,890 per month. On appeal this court held that $40 a month would not pay the interest on the arrearage judgment and that the arrearage and interest thereon would never be paid at the rate of $40 per month. We reversed the judgment and on remand suggested that fifteen percent of the father’s gross income would be a reasonable sum to satisfy the arrearage and interest thereon.
In the case at bar the interest on the $41,500 arrearage would be $415 a month. The husband was ordered to pay only $150 a month on the arrearage and interest that had accumulated to the date of the judgment. At that rate, the arrearage would never be paid. The evidence presented at the rule nisi proceeding on October 25, 1988 indicates husband’s gross income to be in excess of $33,500 per year. Therefore, we conclude that the trial court abused its discretion in fixing such a low monthly amount for satisfaction of the ar-rearage.
On remand, we suggest that a percentage of the husband’s gross income reasonably sufficient to satisfy any accumulated arrearage and interest thereon be applied to the reduction of the arrearage and interest thereon. The payments shall be applied first to the reduction of the accumulated interest. Once the interest is on a current basis, the payments shall be applied to the payment of the interest and the balance to the reduction of the $41,500 arrearage.
The wife is awarded $500 as an attorney’s fee on appeal.
*1048 The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.