This case began when the State of Alabama (state) filed a petition for contempt for the nonpayment of child support in the Juvenile Court of Cherokee County. In its petition the state, on behalf of Vickie Thompson, alleged that Martin B. Thompson (father) was in arrears in the amount of $31,445.28 in the payment of child support. Following a hearing, the juvenile court found the father to be in contempt of court, with child support arrears amounting to over $32,000 as of the date of the hearing.
The father appealed for a de novo hearing in the circuit court. After an ore tenus proceeding, the circuit court found that the father had committed contempt of court for failure to pay support as ordered, and that he was in arrears in the payment of child support in the sum of over $32,000. A judgment was rendered in favor of the state against the father for such arrearage. Additionally, the circuit court reduced the father's obligation for current support from $80 per week to $40 per week. The circuit court suspended the father's commitment to jail for as long as he would pay current support plus an additional payment of $10 per week toward the arrearage. The state appeals.
The first issue raised by the state is whether the trial court erred when it modified the child support award from $80 to $40 per week.
Here, the record reveals that in 1983 the Juvenile Court of Cherokee County ordered the father to pay $80 per week as support for his three children. On several occasions, since that time, the trial court has found the father to be in contempt of court. However, the amount of the father's weekly child support obligation has never been altered. In 1990, the state filed the present contempt petition, alleging that the father was in arrears in an amount exceeding $30,000. The father filed no responsive pleading, nor did he make a written or oral request for the juvenile court to lower his support obligation. On appeal to the circuit court for a trial de novo, the father again went to trial without having made any written or oral request for the lowering of child support. The issue of modification was clearly not tried with the express or implied consent of the state. There was no notice or opportunity of the state to present any evidence regarding changes in the mother's own financial situation, including increased expenses and increased needs of the children, or other evidence to defend against a request for downward modification. From a review of the record, we find that the only evidence presented was applicable to the issue of the amount of the arrearage, and whether the father's failure to pay his obligation was contemptuous. In fact, when the father attempted to testify as to possible changes in circumstances of the mother's financial condition, the state objected on the ground that the evidence was irrelevant. Such objection was sustained by the trial court.
This court has held that, where a husband does not file a pleading seeking modification of the amount of child support by either written or oral petition, and the issue is not tried expressly or with the implied consent of the parties, a judgment modifying the support order is due to be reversed.Roberson v. Roberson, 558 So.2d 946 (Ala.Civ.App. 1990).
In view of the well-settled law in this area, we find that the trial court's modification of the child support obligation is due to be reversed.
The state also contends that the trial court erred in allowing the father to pay off his child support arrearage of over $32,000 at the rate of $10 per week.
This court has held that, where a large arrearage is owed, the trial court may abuse its discretion in failing to award a large enough amount toward the arrearage to satisfy the debt within a reasonable period of time. See Hawkins v. Harvey,481 So.2d 907 (Ala.Civ.App. 1985). In Hawkins, this court held that a repayment of $40 per month towards an $18,875 arrearage was an abuse of discretion in that it did not *Page 9 
constitute an amount which was reasonably sufficient to satisfy the accumulated arrearage.
Here, the trial court ordered the father to pay $10 per week towards an accumulated arrearage of over $32,000. Therefore, we find that in keeping with Hawkins, a repayment of only $10 per week is unreasonable and is due to be reversed.
Accordingly, this case is reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.