THIGPEN, Judge.
This is a child support modification case.
In January 1993, the State of Alabama ex rel. Renee O’Neal filed contempt and modification petitions against Charles E. Jones regarding his support obligations for his two children by O’Neal. The State requested an increase in Jones’s obligation, by using the guidelines of Rule 32, Ala.R.JudAdmin. The trial court increased Jones’s child support obligation, but declined to apply the guidelines “due to [Jonesj’s ‘new family’ and financial situation relating thereto.” The trial *151 court then ordered a two-year, gradually increasing payment schedule which would top out at $360 per month. The State argued that $507 per month, the amount speeified by the guidelines, is the correct amount. The trial court waived court costs.
In response to the State’s post-judgment motion, the order was amended to address certain arrearage amounts, and the trial court provided further reasoning regarding its decision not to apply the guidelines. In the amended order, the trial court found that the guideline amount “exceeds the needs of the children,” and that the State failed to establish the father’s ability to pay child support in accordance with the guidelines “without causing an undue hardship to the children of his ‘new family unit.’ ”
The State appeals, contending that the trial court erred in failing to apply the guidelines of Rule 32, Ala.R.Jud.Admin. The State argues that the amount ordered is insufficient to provide for the needs of the children, and that the evidence supports the strict application of the guidelines.
The principles regarding child support modification cases are well settled. A child support obligation may be modified at the discretion of the trial court upon proof of changed circumstances, and a judgment regarding the modification will not be disturbed unless there is an absence of supporting evidence and there is an abuse of discretion. Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App.1992); Kellum v. Jones, 591 So.2d 891 (Ala.Civ.App.1991); and Holliday v. Holliday, 590 So.2d 335 (Ala.Civ.App.1991). Rule 32, Ala.R.Jud.Admin., establishes a re-buttable presumption that the application of the guidelines will result in the correct amount of support. Cherry, supra, and Kel-lwm, supra. The trial court may deviate from the guidelines by entering a written finding that the evidence presented discloses that the application of the guidelines is unjust or inequitable. Rule 32(A)(ii), Ala.R.Jud.Admin.; Kellwm, supra.
The father’s new family unit included three other children for which he is not allowed a deduction when calculating his obligation to the children of this case. Rule 32(B)(6), Ala.R.Jud.Admin.; Barnes v. State, 636 So.2d 425 (Ala.Civ.App.1994); and Rolen v. Pickering, 628 So.2d 850 (Ala.Civ.App.1993). Expenses for a subsequent family can affect one’s financial condition and may be considered by the trial court as a factor in determining a child support obligation. Loggins v. Houk, 595 So.2d 488 (Ala.Civ.App.1991). Regardless, the father’s primary legal and moral duty to these children is not diminished by his duties to his subsequent “new family.” The father’s new family is inadequate justification for deviating from the guidelines, and the trial court’s decision in that regard is error. See Rule 32, Ala.R.Jud.Admin.
The trial court’s finding that the guideline amount exceeded the needs of the children is likewise error. The record contains evidence regarding the expenses of the children and evidence that the family subsists on the mother’s income and the present child support. The mother manages the home on a very limited budget, and she testified that the current household income was inadequate to meet the needs of the children. She testified that she needed money for the children’s medical bills and transportation because she could not afford a car. She also specifically testified regarding the needs of one of the children to visit a dentist, and that she did not have the funds for this.
There is a rebuttable presumption that the application of the guidelines results in the proper amount of support for the children, i.e., the amount of the guideline award is rebuttably presumed to be the children’s needs. Rule 32(A), Ala.R.Jud.Admin. See also Rolen, swpra, Cherry, supra, and Kel-lwm, supra. In this ease, the mother sought an increase, based on the guidelines, and she presented evidence regarding the expenses of the children. The father presented nothing to rebut the evidence regarding the needs of the children that was presented to the court, nor to rebut the presumption that the application of the guidelines results in the appropriate amount for his child support obligation.
It was error for the trial court to fail to apply the guidelines or to properly deviate from them. Accordingly, the judgment must *152 be reversed and the cause remanded for the entry of a judgment consistent with this opinion and with the Alabama laws regarding child support.
REVERSED AND REMANDED WITH INSTRUCTIONS.
' ROBERTSON, P.J., and YATES, J., concur.