Robert Dale Carstens petitions for a writ of mandamus directing the Madison Circuit Court to dismiss an action pending in that court. The petition presents the question whether the Madison Circuit Court has jurisdiction to act on a petition for modification of the child support provisions of a judgment issued by that court in 1985, where neither the parents nor the child still lives in this State. For the reasons discussed below, we hold that it does have jurisdiction, and we therefore deny the petition.
 Facts and Procedural History
Robert Dale Carstens and Marianne Davidson are the parents of a child born on April 7, 1980. The parents were not married at the time of the child's birth. The Circuit Court of Pinellas County, Florida, entered a final order concerning the custody rights and child support obligations of the parents on July 28, 1982. (Because the parents had not been married, this order was not, also, a divorce judgment.) That order granted the parents shared custody, but it made the mother's home the child's primary residence. The father was granted specified visitation rights. He was also required to pay $175 per month in child support, $50 per month in day care costs, and the costs for the child to attend college, until the age of 25. In its order, the court retained jurisdiction over the action for the purpose of resolving future disputes between the parents.
Within approximately a year of the entry of the Florida court's order, the mother and the child moved to Huntsville, Alabama. The father has apparently lived in Nebraska continuously since before the child's birth. He has never lived in Alabama.
On October 14, 1983, the mother filed a petition, case number DR-83-1661, in the Madison Circuit Court, under the provisions of the Uniform Child Custody Jurisdiction Act, § 30-3-20 et seq., Ala. Code 1975, for a modification of the child custody provisions of the Florida order. On March 27, 1984, upon the mother's motion, the Circuit Court of Pinellas County, Florida, entered an order declaring that it was an inconvenient forum, thereby terminating its own jurisdiction.[1]
On August 15, 1984, the father counter-claimed in the Madison County action, seeking a change in custody. On March 20, 1985, the father filed in the Madison Circuit Court a separate action, case number CV-85-323, seeking to have that court enforce a judgment for attorney fees of approximately $5,000 against the mother that the father claims had been entered by the Florida court before that court terminated its jurisdiction in 1984. On May 27, 1985, the Madison Circuit Court consolidated the two cases.
On October 18, 1985, the Madison Circuit Court entered an order incorporating the terms of an agreement the parties had entered. That order read, in part: *Page 130 
 "ORDERED, ADJUDGED and DECREED that the [mother] is granted sole custody and control of the minor child . . . and the [father] is hereby divested of all rights of visitation with said minor child and is enjoined from initiating or causing any contact with minor child either personally or through a third party except as set out in the attached agreement; and it is further
 "ORDERED, ADJUDGED and DECREED that the [mother's] claims against the [father] for child support and other payments for expenses incurred on behalf of the minor child after the date of this Order are barred for the period that the [father] is divested of all rights of visitation; and it is further
 "ORDERED, ADJUDGED and DECREED that the various claims pled by the parties in this case are hereby dismissed without prejudice by the Court under the terms of the attached agreement; and . . .
". . . .
 "The Court finds that this Court has jurisdiction over the parties; to this action, the defendant having, waived in writing any defects in jurisdiction over his person. The Court further finds that it has jurisdiction over the subject matter of all claims presented by either party to this action. . . . Accordingly, it is
 "ORDERED ADJUDGED and DECREED that this Court has jurisdiction to determine all issues and claims of the parties hereto.
 "The Court further deems it to be in the best interest of the minor child and the parties hereto that the Court retain jurisdiction over the issue of custody of [the child] after the entry of a final order in this action, and to retain jurisdiction over the issues and claims presented herein by the parties. Based upon such finding, it is
 "ORDERED, ADJUDGED and DECREED that the Court shall, and does expressly hereby retain jurisdiction to determine further issues relating to the custody of the minor child that may arise in the future, and does further enjoin either party to this action from filing or maintaining any action in any other jurisdiction concerning the issues and claims pled in this action unless leave to file and maintain such other action has first been received from this Court; and it is further
 "ORDERED, ADJUDGED and DECREED that the terms of this Order and the attached agreement shall modify and permanently replace the terms of the . . . Florida decree . . . ."
At some point following the entry of that 1985 order, the mother and the child returned to Florida. It is unclear from the materials before this Court precisely when the mother and the child moved out of Alabama. On April 22, 1997, the mother filed, in the Madison Circuit Court, a petition to modify the support provisions of the 1985 order. At that time both she and the child were residents of the State of Florida.
In her 1997 petition, the mother requested that the court order the father to pay, among other costs, "college expenses" and one half of the child's medical expenses not covered by insurance. The father filed a motion to dismiss, contending: (1) that the Madison Circuit Court lacked personal jurisdiction because, he claimed, he did not have contacts with the State of Alabama sufficient to establish personal jurisdiction; and (2) that the court lacked subject-matter jurisdiction because, he claimed, the 1985 order was issued under the Uniform Child Custody Jurisdiction Act., under which, he argues, an order compelling payment of support is not appropriate; and because the mother and the child had moved from Alabama. The trial court denied that motion, by an order that stated, in part:
 "On or about October 14, 1983, the [mother] filed a Petition for Modification in the Circuit Court of Madison County, Alabama seeking an arrearage of child support and unpaid medical expenses of the minor child. On September 10, 1985, the parties entered into an agreement wherein the [father] was relieved of past and future child support payments for a period of ten (10) years subject to the condition that he not contact the child personally for a period of ten (10) years. The [father] waived in writing any defects in jurisdiction over *Page 131 
his person and the parties agreed that the court had in personam jurisdiction and subject matter jurisdiction over the issues presented.
 "The parties further agreed that this agreement and subsequent order to be entered in the Circuit Court of Madison County, Alabama would eliminate and permanently take the place of the Florida agreement and decree the Court entered this finding in the order, and the parties were ordered to take all such actions as necessary to effect such purpose.
 "The order entered on October 18, 1985 incorporated the agreement of the parties and specifically ordered that the Court would retain jurisdiction to determine further issues and claims presented by the parties therein, namely child support and medical expenses
". . . .
 "The Court finds that it has subject matter jurisdiction over the pending Petition for Modification filed by the [mother] as a result of the Court's continuing jurisdiction over the 1985 child support provisions despite the fact that neither the parties nor the minor child continue to reside in Alabama. Hall v. Hall, 524 So.2d 370 (Ala.Civ.App. 1988).
 "In addition, the Court finds that it has personal jurisdiction over the [father] pursuant to Quebedeaux v. Lord, 599 So.2d 51 (Ala.Civ.App. 1992), as a result of the submission by the [father] to this Court's jurisdiction in the initial joint agreement filed by the parties in 1985 and the finding by the court that Alabama would retain jurisdiction over the issues and claims presented in the 1985 order."
The trial court subsequently denied the father's motion to "reconsider" its denial of the motion to dismiss. The father petitioned the Court of Civil Appeals for a writ of mandamus directing the Madison Circuit Court to dismiss the action. The Court of Civil Appeals denied his petition. Ex parte Carstens, (No. 2970428) ___ So.2d. ___ (Ala.Civ.App. 1998) (table). The father now asks this Court to direct the circuit court to dismiss the action.
 Issues Before This Court
In his petition for the writ of mandamus, the father makes the following arguments:
 (1) That the Madison Circuit Court lacks personal jurisdiction over him because, he contends, he does not have sufficient contacts with this state to subject him to such jurisdiction.
 (2) That the Madison Circuit Court lacks subject-matter jurisdiction over this action because the mother and the child have moved out of this state.
 (3) That the mother originally filed this action in Madison County under the Uniform Child Custody Jurisdiction Act, the scope of which, he argues, is "specifically defined not to include decisions relating to child support or any other monetary obligation," citing § 30-3-22, Ala. Code 1975.
 (4) That the 1985 judgment of the trial court cannot be modified because, he contends, the effect of that judgment was limited to 10 years and that period has expired.
 (5) That the Madison Circuit Court cannot take jurisdiction over this action because the initial action was filed in Florida and the mother and child are now living in Florida.
We will address each of the father's arguments, in turn.
 I.
We first consider whether the Madison Circuit Court has personal jurisdiction over the father in this matter. That question is easily resolved. In the written, signed agreement between the father and the mother that the circuit court incorporated into its October 18, 1985, order, the parties stated:
 "EIGHTH: The parties agree that in personam jurisdiction is properly vested in the Circuit Court for Madison County, Alabama and that this Court has exclusive subject matter jurisdiction of all matters contained in this agreement."
In its subsequent order, "[t]he [Circuit] Court [determined] that [it had] jurisdiction over the parties to this action, the defendant having waived in writing any defects in jurisdiction *Page 132 
over his person." Further, the court expressly retained jurisdiction over this matter for the purpose of resolving future disputes growing out of its order.
One could scarcely ask for clearer waiver of a claim that a court lacks in personam jurisdiction than is embodied in the written agreement of the parties. As a consequence, we hold that the circuit court correctly determined in its 1985 order that it had in personam jurisdiction over the father. Further, although a 10-year period has passed, we hold, because the trial court expressly retained jurisdiction and because of the continuing nature of orders in divorce, custody, and support cases,[2]
that when the mother filed her motion for a modification of the support order, the trial court still had in personam jurisdiction over the father. Accordingly, we reject the father's first argument.
 II.
We now consider the question whether the trial court has subject-matter jurisdiction. In July 1982, the Circuit Court of Pinellas County, Florida, entered a final order settling questions of custody and support. In its order, the Florida court expressly retained jurisdiction over the parties and the subject matter for the purpose of deciding potential future disputes between the parties.
In 1983, the mother petitioned the Madison Circuit Court for a custody modification, and that court subsequently held that it had subject-matter jurisdiction over the issue in dispute. The mother's 1983 petition asserted that the Madison Circuit Court had jurisdiction under the Uniform Child Custody Jurisdiction Act. Section 30-3-23, Ala. Code 1975, the section she relied upon, provides, in part:
 "(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
"(1) This state:
 "a. Is the home state of the child at the time of commencement of the proceeding; or
 "b. Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
 "(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
 "a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
 "b. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
"(3) The child is physically present in this state and:
"a. The child has been abandoned; or
 "b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
 "(4) a. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
 "b. It is in the best interest of the child that a court of this state assume, jurisdiction.
". . . .
 "(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." *Page 133 
Because the mother and the child were living in Huntsville when the mother filed her 1983 petition, we hold that the Madison Circuit Court had jurisdiction over issues of custody, under § 30-3-23(a)(1)a., as the mother asserted when she filed the petition.
Some months after the mother filed her petition, the father filed an independent action seeking to enforce a monetary judgment against the mother. Because that action did not involve a question of custody, the trial court would not have had jurisdiction under § 30-3-23 to hear it. However, because the Florida court had, by that time, expressly relinquished its jurisdiction over all issues involved between these parties, we hold that the Madison Circuit Court correctly held in its 1985 order that it had subject-matter jurisdiction to resolve all of the disputes raised by the parties. In essence, it is as if the Madison Circuit Court had been the initial forum.
During the period between the trial court's 1985 order and the mother's 1997 petition for modification, however, the mother and the child moved from Alabama back to Florida. As a result, neither the child nor either of the parties is currently a resident of Alabama. Alabama is thus no longer the child's "home state," and it had not been the child's home state within six months of the filing of the mother's petition to modify the support provisions.[3] Neither the child nor either of the parties has a "significant connection with this state." It is not the case that "[t]here is available in this state substantial evidence" relevant to the resolution of this dispute. The child has not been abandoned in this state. In short, § 30-3-23 specifies that an, Alabama court has subject-matter "jurisdiction to make a child custody determination by . . . modification decree if" certain conditions exist; none of those conditions is present in this case.
Section 30-3-23 as adopted by the Legislature as a part of the Uniform Child Custody Jurisdiction Act. Ala. Acts 1980, No. 80-92. It was adopted to
 "[a]ssure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state."
§ 30-3-21(a)(3), Ala. Code 1975. Further, § 30-3-21(b) requires that "[t]his article [i.e., the Uniform Child Custody Jurisdiction Act] shall be construed to promote the general purposes stated in this section." It appears, based on the information before this Court, that the mother and the child now have a "closer connection with" the State of Florida.
The act does not appear to have been designed to fulfill the same function with regard to disputes over support as it does for disputes over custody. The key section in question, § 30-3-23, deals with "jurisdiction [of courts] to make a child custody determination." See § 30-3-23(a). Section 30-3-22(2) defines "custody determination":
 "A court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person [.]"
(Emphasis added.) In light of all of the above, we hold that the provisions of § 30-3-23 require the conclusion that the trial court no longer has subject-matter jurisdiction to modify its 1985 order as it relates to custody of the parties' child. However, that section does not deprive the trial court of continuing subject-matter jurisdiction to modify its 1985 order as it relates to child support "or any other monetary obligation of any person." See Brown v. Brown, 476 So.2d 114
(Ala.Civ.App. 1985). Therefore, we reject the father's second argument. *Page 134 
 III.
The father's third argument is that the mother's initial petition in the Madison Circuit Court, the 1983 petition, sought only a modification of the custody provisions of the Florida court's order. Specifically, she sought to have the father's visitation with the child restricted to the mother's home. In her petition, the mother stated that the trial court had jurisdiction under § 30-3-23. "Because the relief sought in the present petition for modification exclusively relates to child support, post-minority support, and other monetary obligations," the father argues, "the trial court lacks subject matter jurisdiction."
The father is correct when he asserts that § 30-3-23 does not relate to determinations of support and other monetary obligations. However, we note that the procedural history of this case does not support the father's position. As we have discussed above, the father's independent action, not related to custody, was consolidated with the mother's custody-modification action. As we have further set out above, the Florida court relinquished its jurisdiction, allowing the conclusion that when the Madison Circuit Court entered its 1985 order its subject-matter jurisdiction was the same as if that court had been the initial forum.
Accordingly, we hold that the trial court did not exceed its subject-matter jurisdiction in ruling on both custody and support matters in its 1985 order. Given the continuing nature of orders such as the 1985 order in this case, the trial court retains subject-matter jurisdiction to modify that 1985 order as to the matter of support. We must reject the father's third argument.
 IV.
The father also argues that the circuit court lacks subject-matter jurisdiction because, he says, the 1985 judgment based on the parties' agreement was effective for only 10 years. He asserts that, because that period has expired, "there is presently existing no provision for child support or for no child support and thus there is no child support provision to modify." This assertion is unfounded.
 "[A]n agreement between the parties fixing child support payments, when incorporated into a judgment, becomes merged into the judgment and thereby loses its contractual nature to the extent that a court of equity has the power to modify the decree when changed circumstances so justify. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969)."
Ralls v. Ralls, 383 So.2d 857, 859 (Ala.Civ.App. 1980) (overruled on other grounds). We conclude that, although the 10-year period contemplated in the parties' agreement has expired, the trial court nonetheless retains the authority to modify its order as changing circumstances warrant. We reject the father's fourth argument.
 V.
The father finally presents this question: "Can the trial court take jurisdiction of this action over the objection of [the] nonresident father, when jurisdiction properly lies in the State of Florida, where the original judgment was issued and where the child and the mother presently reside[?]" Arguing that the trial court cannot, the father relies on the clause in the Florida court's July 28, 1982, order by which it retained jurisdiction. We note, however, that that court subsequently terminated its own jurisdiction. As a result, and in light of our analysis above, we conclude that the Madison Circuit Court did not exceed its jurisdiction in denying the father's motion to dismiss.[4] We reject the father's fifth argument.
 Conclusion
We conclude that the trial court has both in personam
jurisdiction over the parties and subject-matter jurisdiction to modify its order with regard to support, although it no longer has subject-matter jurisdiction to *Page 135 
modify its previous order with regard to custody.
WRIT DENIED.
HOOPER, C.J., and SHORES, KENNEDY, and SEE, JJ., concur.
[1] That order read:
"ORDER ON PETITIONER'S MOTIONS
 "This cause came on to be heard upon the motion of petitioner to determine Pinellas county an inconvenient, forum and terminate jurisdiction, and upon motion of petitioner for relief from orders both of said motions bearing certificate of service of February 9, 1984, and the court having heard argument of counsel and testimony of respondent, it is
 "ORDERED that said Motion to Determine Pinellas County An Inconvenient Forum and Terminate Jurisdiction be, and the same hereby is granted and said cause shall hereafter be heard before the Circuit Court of Madison County Alabama in which county the minor child now resides; it is further
 "ORDERED that the Motion for Relief from Orders be declared moot due to the ruling on the previous motion.
 "ORDERED at St. Petersburg Pinellas County Florida this 27[th] day of March 1984."
[2] Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212 (1948); Brownv. Brown, 476 So.2d 114 (Ala.Civ.App. 1985).
[3] Although it is unclear when the mother and the child moved from Alabama back to Florida, it appears uncontested that they moved at some point at least six months before the mother filed her petition for modification.
[4] The father does not argue that the trial court should have declined to exercise its jurisdiction on forum non conveniens
grounds, as the Florida court did in its March 27, 1984 order. We therefore do not consider that issue.
 On Application for Rehearing
On original submission, we noted that the petitioner "[did] not argue that the trial court should have declined to exercise jurisdiction on forum non conveniens grounds," and that "[w]e therefore [did] not consider that issue." 728 So.2d at 134, n. 4. On application for rehearing, he now asks us to consider that issue. However, as we have held, "[t]his Court will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court."Abbot v. Hurst, 643 So.2d 589, 593 (Ala. 1994). The record does not reflect that Carstens raised this argument before the trial court; therefore, we will not consider it now.
OPINION OF AUGUST 7, 1998, CORRECTED; APPLICATION OVERRULED.
HOOPER, C.J., and SHORES, KENNEDY, and SEE, JJ., concur.