Given the holding of this court in State ex rel. O'Nealv. Jones, 646 So.2d 150 (Ala.Civ.App. 1994), and considering the amount of child support called for by the Rule 32, Ala. R. Jud. Admin., guidelines based upon the current incomes of the parties, I am not persuaded that the factors recited in the main opinion alone would be enough to justify a deviation from those guidelines so as to result in the limiting of the father's obligation to only the payment of medical-insurance premiums and one-half of all uncovered medical and dental expenses. I concur in the result as to this issue, however, because I note that the record further indicates that the father is required to spend substantial sums of money in treating his own asthmatic condition. Accordingly, I cannot conclude that the trial court acted outside its discretion in the manner in which it reduced the father's monthly child-support obligation.
Further, consistent with the authorities cited in the main opinion relating to the continuing jurisdiction of the trial court and the placement of cases on administrative dockets, I come to the conclusion that the trial court arguably erred by placing this case on its administrative docket.[2] Neither party has raised this issue on appeal to this court, however.
[2] The judgment in this case was intended by the trial court to be final, and this court has treated it as being final for purposes of appeal. If circumstances change in the future so as to justify a modification of the father's child-support obligation, a new action — a modification proceeding — could be filed.