BRYAN, Judge.
The State of Alabama, acting through the Department of Human Resources (“DHR”) and on behalf of Annette Marie Walker (“the mother”), appeals from a judgment of the Montgomery Circuit Court (“the trial court”) that waived the interest due on the child-support arrear-age owed by Woodrow Walker (“the father”) and that ordered DHR to remove a lien on the father’s worker’s compensation benefits.
The mother and the father were divorced by the trial court in June 1982. Pursuant to that judgment, the mother was awarded custody of the parties’ child and the father was ordered to pay $150 a month in child support beginning in June 1982. On January 12, 2009, DHR filed a child-support-modification petition on behalf of the mother alleging that the parties’ child was emancipated and that the father owed child-support arrears.
*825 The trial court conducted an ore tenus hearing in June 2009. The father testified that he did not know that he owed child support to the mother until the State of Alabama placed a lien on his worker’s compensation benefits. The attorney representing DHR at the hearing stated that DHR had filed a lien on the father’s worker’s compensation benefits in September 2008 and that, pursuant to that lien, the father had paid monthly payments of $668.68 since October 29, 2008. The mother testified that she had not received any other child-support payments from the father other than what had been collected through the lien placed on the father’s worker’s compensation benefits. Both the trial-court judge and the attorney for DHR made references to a payment summary offered by DHR, but the payment summary was not entered as evidence.
The trial court entered a judgment that stated, in pertinent part:
“The [father] did not pay child support to the [mother] for the period of time that the parties’ child was still a minor (June 1982 through October 1995). The total amount owed in child support to the [mother] is $25,950.
“The [mother] received $5,413 from the State of Alabama in Family Assistance benefits beginning in May 1983 and continuing until March 1986. The State of Alabama, through [DHR] successfully placed a lien on the [father’s] worker’s compensation and other property for the past due amount.
“Based on the foregoing, it is hereby ORDERED as follows:
“1. That the [father] was obligated to pay the [mother] $150 per month for the months of June 1982 through October 1995. Therefore, he should have paid $25,950 in child support.
“2. That the [father] has made payments in the amount of $5,666.78 that were obtained through the lien placed on the [father]’s worker’s compensation from October 2008 through March 2009, leaving an unpaid balance of $20,283.22. Therefore, the [mother] is due and is hereby awarded a judgment against the [father] for unpaid child support in the amount of $20,283.22.
“3. That the [father] shall pay to the [mother] $350 per month toward the judgment until such time as the $20,283.22 judgment is satisfied. In the event that the [father] fails to comply, the [mother] shall be entitled to collect said judgment by any lawful means.
“4. ... While child support becomes a judgment when due and unpaid, the court believes that, in equity and in light of facts and circumstances in this case, ... it is equitable to waive interest on this considerable sum of money in an effort to insure that the [father] fully pays the child support obligation for [the parties’ child].... To impose interest at this time would cause an extreme financial hardship to the [father].
“5. That the lien placed on the [fathers property, worker’s compensation, or any other asset shall be immediately removed by [DHR], [DHR] shall file documents -with this court within 14 days evidencing that all liens have been removed.”
The record contains a copy of a letter indicating that DHR terminated the lien it had filed to collect the father’s child-support arrearage. DHR subsequently filed a motion to alter, amend, or vacate the trial court’s judgment pursuant to Rule 59, Ala. R. Civ. P., and that motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. DHR timely appealed.
*826 DHR presents three issues for review on appeal: (1) whether the trial court erred by waiving the interest due on the father’s child-support arrearage; (2) whether the trial court erred by limiting the mother’s ability to collect the child-support-arrearage judgment; and (3) whether the trial court erred by requiring DHR to terminate the lien it had placed on the father’s worker’s compensation benefits.
“Our standard of review is well settled. A trial court’s judgment based on ore tenus evidence will be presumed correct and will not be reversed on appeal absent a showing that the trial court acted outside its discretion or that the judgment is unsupported by the evidence so as to be plainly and palpably wrong. Scholl v. Parsons, 655 So.2d 1060, 1062 (Ala.Civ.App.1995). However, when an appellate court is presented with an issue of law, we review the judgment of the trial court as to that issue de novo. Ex parte Perkins, 646 So.2d 46 (Ala.1994).”
Henderson v. Henderson, 978 So.2d 36, 39 (Ala.Civ.App.2007).
In its judgment, the trial court found that the father had not paid any child support during the period that the parties’ child was a minor, i.e., from June 1982 through October 1995.[1] The trial court applied a credit toward the father’s child-support arrearage in light of the payments that the father had made pursuant to the lien that DHR had placed on his worker’s compensation benefits. However, despite the well settled principle of law that monthly child-support payments become final judgments and accrue interest just as any other judgment, see Hollen v. Conley, 840 So.2d 921, 924 (Ala.Civ.App.2002), the trial court determined that it would be inequitable to require the father to pay the interest that had accrued on his child-support arrearage.
This court has consistently held that a trial court’s failure to impose interest on past-due child-support installments constitutes reversible error. See Corwin v. Corwin, 29 So.3d 913, 914 (Ala.Civ.App.2009)[2] (trial court erred by failing to compute the amount of postjudgment interest due on the father’s child-support arrearage); T.L.D. v. C.G., 849 So.2d 200, 204 (Ala.Civ. App.2002) (“By failing to award post-judgment interest on the child-support ar-rearage, the trial court erroneously applied the law to the facts.”); and Walker v. Walker, 828 So.2d 943, 945 (Ala.Civ.App. 2002) (“[A] trial court with jurisdiction over proceedings to enforce an earlier child-support judgment is without authority to waive the imposition of statutorily imposed postjudgment interest upon such payments.”).
The record on appeal does not contain the payment summary that was produced by DHR at the ore tenus hearing, and there is no indication that the payment summary was accepted by the trial court as evidence to support DHR’s claims. However, the trial court’s judgment indicates that the trial court believed the mother’s testimony that the father had not paid any child support since June 1982 *827 other than the few payments that were received as a result of the lien that DHR had placed on the father’s worker’s compensation benefits. There is no indication in the record that the trial court believed that the father had made piecemeal or random child-support payments at any time since June 1982 other than the undisputed amounts received pursuant to DHR’s lien. Thus, this case is not one in which it would have been impossible for the trial court to determine the father’s accumulated arrearage, including interest, without a payment summary. Compare Hackworth v. Hackworth, 736 So.2d 1116, 1117 (Ala.Civ.App.1999) (abrogated on other grounds by T.L.D. v. C.G., supra) (affirming the trial court’s failure to award interest on the father’s child-support ar-rearage because the trial court had no evidence from which it could determine which child-support installments the father had failed to pay). Thus, we conclude that the trial court erroneously applied the law to the facts by failing to award post-judgment interest on the child-support ar-rearage. Accordingly, we reverse that portion of the judgment that waived payment of interest on the father’s child-support arrearage, and we remand the cause with instructions to the trial court to correctly calculate the postjudgment interest on the father’s child-support arrearage and, after crediting that amount with the amount of payments the father has made pursuant to the lien on his worker’s compensation benefits, to enter a judgment in favor of the mother. T.L.D. v. C.G., 849 So.2d at 207.
DHR also argues that the trial court improperly limited the mother’s right to collect the father’s child-support arrearage. It is well settled that child-support installments become final judgments as of the dates that the installments become due and that those unpaid installments may be collected as any other judgment. is collected. Headley v. Headley, 277 Ala. 464, 468, 172 So.2d 29, 32 (1964) (quoting Wood v. Wood, 275 Aa. 305, 307, 154 So.2d 661, 663 (1963)) (“‘Our cases clearly enunciate the rule that installment payments decreed in a divorce for support and education of the minor child of a marriage become final judgments as of the dates due and may be collected as other judgments.’ ”); Cochran v. Cochran, 5 So.3d 1220, 1230 (Ala.2008) (quoting Ex parte State ex rel. Lamon, 702 So.2d 449, 450 (Ala.1997)) (child-support payments that have become a final judgment “ ‘may be collected as any other judgment is collected’ ”).
The trial court, in this case, limited the mother’s ability to collect the child-support arrearage owed by the father because it required DHR to terminate the lien placed on the father’s worker’s compensation benefits and because it ordered that the mother could collect the child-support arrearage by other legal means only in the event that the father failed to make the arrearage payments set forth in paragraph three of the judgment.
In Leopold v. Leopold, 955 So.2d 1031 (Ala.Civ.App.2006), this court was faced with a similar question of law — whether a trial court could prevent a child-support payee from collecting an arrearage judgment if the trial court had ordered the child-support payor to make monthly installments towards repayment of the child-support arrearage. In that case, the mother, the payee, appealed from a judgment that determined the father’s child-support arrearage but included a provision in the judgment stating: “‘The [mother] shall not execute upon said judgments so long as the [father] pays to the [mother] the aggregate sum of $100 toward said judgments.’” Id. at 1033-34. This court held that “the trial court’s order permit *828 ting installment payments of the accumulated arrearages cannot bar any other process for collection of the judgment, such as garnishment.” Id. at 1036.
Similarly, in Motley v. Motley, 505 So.2d 1228, 1228-29 (Ala.Civ.App.1986), this court held:
“Alabama law is replete with cases holding that accrued installments of support are final judgments and may be collected as any other judgment. Thus an order of the trial court permitting the payment of such judgment in installments is not a bar to any other process for collection of judgments such as execution or garnishment if assets of the defendant are available to such process. The trial judge was without authority to stay that process. Argo v. Argo, 467 So.2d 258 (Ala.Civ.App.1985); Osborne v. Osborne, 57 Ala.App. 204, 326 So.2d 766 (1976).”
Accordingly, we conclude that the trial court erred by holding that the mother was entitled to collect the child-support judgment by any lawful means only in the event that the father failed to comply with the trial court’s order requiring him to pay $350 a month toward the arrearage judgment. We therefore reverse that part of the judgment and remand the cause with instructions to the trial court to vacate that part of its judgment limiting the mother’s ability to collect the arrearage judgment by any lawful means.
DHR also argues that the trial court erred by ordering DHR to terminate its lien on the father’s worker’s compensation benefits because the trial court’s order hindered its ability to collect the judgment by any lawful means. The record on appeal does not clearly indicate the reason the trial court required DHR to terminate the lien. At the ore tenus hearing, the father testified that he wanted the amount of the monthly payment seized by the lien reduced because it had imposed a financial hardship on him. We note that DHR did not provide any documents relating to the lien at the ore tenus hearing, presumably because the enforceability of the lien was not an issue presented to the trial court, and the record indicates that the lien documents were not provided to the trial-court judge until after the conclusion of the ore tenus hearing. However, at the ore tenus hearing, the trial-court judge expressed her belief that DHR had improperly placed a lien on the father’s worker’s compensation benefits. The trial-court judge asked the attorney representing DHR whether he had “any documents authorizing] anyone, including [DHR], to place a lien against [the father],” and later stated: “I think the State had an obligation before it issued a lien to give [the father] notice, due process, and an opportunity to be heard.”
However, we can find no evidence in the record to support the trial court’s apparent belief that the father was not afforded due process before DHR placed a lien on his worker’s compensation benefits. Certainly, no evidence presented at the ore tenus hearing supported such a conclusion. We note that DHR was permitted, pursuant to § 30-3-197(a)(6), Ala.Code 1975, as it existed at the time the lien was filed by DHR,[3] to seize or intercept the father’s worker’s compensation benefits and to impose a lien in accordance with § 30-3-198, Ala.Code 1975, in order to satisfy the father’s child-support arrearage “without the necessity of obtaining an order from any other judicial or administrative tribunal....” Furthermore, § 30-3-198(c), Ala.Code 1975, states that DHR is “not *829 ... required to obtain a judgment for an amount certain prior to filing for the enforcement of a lien.”
The trial court correctly stated that the lien was subject to due-process safeguards, see § 30 — 3—197(b), Ala.Code 1975 (“The expedited procedures required under this section shall be subject to procedural safeguards, including requirements for notice, opportunity to contest the action, and opportunity for an appeal on the record to a judicial tribunal....”[4]), but there is no indication in the record before this court that the father was not provided those procedural safeguards or that the lien filed by DHR was otherwise improper. Accordingly, we must conclude that the trial court erred by requiring DHR to terminate the lien.
In light of the foregoing, we reverse the judgment of the trial court and remand the cause with instructions to the trial court to recalculate the father’s child-support ar-rearage with interest and to enter a judgment in favor of the mother. The trial court is also instructed to vacate that part of its judgment limiting the mother’s right to collect the arrearage judgment by any lawful means. We further instruct the trial court, upon recalculation of the father’s child-support arrearage, to refrain from interfering with DHR’s right to secure a lien against the assets of the father, in the amount of the recalculated arrear-age, to enforce the child-support judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P. J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. We note that neither DHR nor the father has challenged the trial court's determination of the father’s child-support arrearage. Thus, we consider that issue waived. See Tidwell v. Pritchett-Moore, Inc., 12 So.3d 83, 88 (Ala. Civ.App.2008) (“An issue not raised on appeal is deemed waived, and we need not address it.”).

. It is noteworthy that the trial-court judge who presided in Corwin is the same trial-court judge in this case. The opinion in Cor-win was issued by this court on August 28, 2009, and the final judgement in this case was issued on September 24, 2009.

. By Act No. 2009-729, Ala. Acts 2009, the Alabama Legislature amended § 30-3-197, and that amendment became effective August 1, 2009.

. Pursuant to Act No. 2009-729, Ala. Acts 2009, the phrase “procedural safeguards” was replaced with the phrase “due process safeguards.” See supra note 3.