RUSSELL, Judge.
The parties were divorced in February 1986, and custody of their minor children was awarded to the mother. In February 1989, based on the father’s petition to modify, custody of the minor children was changed from the mother to the father. The mother was unemployed and was not required to pay child support.
In July 1991 the father filed a petition to modify, requesting that the trial court order the mother to pay child support according to the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration. The mother filed an answer to the petition and a counter-petition stating that the older child had reached the age of majority and asking that custody of the minor child be changed to her. In November 1991 the trial court granted custody of the minor child to the mother and granted child support to the mother in the amount of $175 per month, stating that “[t]he amount of child support deviates from Rule 32, A.R.J.A., due to the [mother’s] not paying support since February 1, 1989.” The trial court also prepared and filed a child support guideline form showing that the amount of child support to be paid by the father under the guidelines would be $354.40.
The mother appeals, contending that the trial court erred in not ordering child support in accordance with the guidelines. We reverse and remand.
Rule 32, A.R.J.A., provides as follows:
“There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption:
“(i) Upon a fair, written agreement by the parties establishing a different amount and stating the reasons therefor, or
“(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable.”
The record reveals that the child, who was seventeen years old at the time of the hearing, had his eighteenth birthday on June 5, 1992. In addition, the father’s income during a period of approximately ten months in 1991 was $26,926. At the time of the hearing, the mother was earning $7,338 per year, and in 1990 she earned $4,000.
The mother contends that the trial court erred in not applying the guidelines because, she claims, it did not find that the application of the guidelines would be manifestly unjust or inequitable and because, she claims, the application of the guidelines would not be manifestly unjust or inequitable. She states that she was never required to pay child support while the father had custody. She further states that she was unemployed and had no income for a good portion of the time that the father *276 had custody and that when she was employed her earnings were “very meager” when compared with the father’s income. Therefore, she claims, her failure to pay child support is not evidence from which the trial court could conclude that the application of the guidelines would be manifestly unjust or inequitable.
Although the trial court did not state that the application of the guidelines would be manifestly unjust or inequitable, it did make a finding of fact that it deviated from Rule 32 because the mother had not paid support while the father had custody. We find that the trial court’s finding of fact implicitly satisfies the requirement of Rule 32. However, we agree with the mother that, under the facts of this case, her failure to pay child support would not support a finding that the application of the guidelines would be unjust or inequitable. Therefore, the judgment is reversed and the cause is remanded with instructions for the trial court to set an amount of child support according to the guidelines.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.