PITTMAN, Judge.
The husband appeals from the trial court’s order on a purported agreement between the husband and wife to modify *834 child-support provisions of a divorce judgment.
The husband and wife were divorced on November 1,1996. On August 11,1999, the wife filed a petition for a modification of child support. The husband filed a response to the petition for modification, as well as a counterclaim, on September 9, 1999. On March 27, 2000, the husband amended his response and counterclaim, raising both an issue of child support and an issue of visitation. According to the briefs filed on appeal by both parties, their attorneys announced at a hearing on April 17, 2000, that the husband and wife had made a settlement agreement. However, on April 26, 2000, the husband moved to set the case for trial, stating that the parties had been unable to reach a settlement and that the purported settlement announced by the attorneys was the product of coercion, threats, and intimidation. The wife moved to enforce the settlement agreement, the husband filed a response in opposition, and the wife moved to strike the husband’s response. After a continuance, the trial court held a hearing on November 27, 2000. The entry on the case action summary appears to read: “After hearing, parties agree to comply with settlement agreement.” The husband moved for a new trial, contending that the settlement agreement was never placed on the record and, therefore, that the trial court had nothing before it to enforce. The wife responded, stating that the trial court had correctly ruled from the bench that the parties agreed there was a settlement agreement, and arguing that the husband, in deposition testimony, had acknowledged that agreement. The trial court denied the husband’s motion for a new trial, and he now appeals.
The husband argues the trial court erred by enforcing the purported settlement agreement. We agree. The record, while being complete in every other aspect, curiously has no mention or notation on the case action summary on the day the parties allegedly agreed they had a settlement, and no copy of the purported settlement appears in the record. Furthermore, as of the date of the final hearing at which the trial court entered the ruling, the wife’s trial counsel admitted that he had not yet filed the purported agreement. All of these factors illuminate the fact that a mandatory part of this process was never engaged.
We have consistently held that the application of Rule 32, Ala. R. Jud. Admin., is mandatory in child-support actions filed on or after October 9, 1989. See Thomas v. Norman, 766 So.2d 857 (Ala.Civ.App.2000); State ex rel. Department of Human Res. v. Hogg, 689 So.2d 131 (Ala.Civ.App.1996) Rule 32(A)(2) provides:
“Stipulations presented to the court shall be reviewed by the court before approval. No hearing shall be required; however, the court shall use the guidelines in reviewing the adequacy of child support orders negotiated by the parties and shall review income statements that fully disclose the financial status of the parties. The court, however, may accept from the parties and/or their attorneys of record a Child Support Guidelines Notice of Compliance that indicates compliance with this rule or, in the event the child support guidelines have not been met, the reason for the deviation therefrom.”
Here, no such overseeing by the trial court took place. The record does not indicate that the trial court referenced the Child Support Guidelines or reviewed financial statements disclosing the financial status of the parties. Additionally, nothing in the record indicates that the parties filed a Child Support Guidelines Notice of Compliance with the trial court. Failure to do so is in direct contravention of Rule 32(A)(2).
*835 Based on the foregoing, we reverse the ruling of the trial court, and remand this cause for proceedings consistent with this opinion.
The appellant’s request for an attorney-fees is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS
YATES, P.J., and CRAWLEY, J., concur.
THOMPSON and MURDOCK, JJ., concur in the result.