Cheryl DeYoung ("the mother") and Merrill Edward DeYoung ("the father") were divorced by a judgment entered on August 13, 1999. On June 27, 2001, the custody provision of that divorce judgment was modified. The husband and the wife had two children during the marriage. Pursuant to the trial court's June 27, 2001, modification, each parent was awarded custody of one child, and neither parent was ordered to pay child support.
On November 2, 2001, the father filed a petition to modify custody; in his petition he alleged that the son as to whom custody was awarded to the mother had lived at the father's residence on a full-time basis since shortly after the June 27, 2001, order modifying custody. On February 8, 2002, the mother filed an answer and a petition for rule nisi. On February 12, 2002, the trial court held a hearing. At the hearing, the father and the mother announced that they had reached a settlement agreement concerning custody; the only issues left for adjudication were the amount of the mother's child-support payment and which party was entitled to take the income-tax deduction for the children. On April 10, 2002, the trial court entered a judgment that incorporated the terms of the parties' agreement; the trial court awarded the father primary physical custody of both children and awarded the mother standard visitation rights. The mother did not appeal from the judgment awarding custody of the children to the father. The trial court ordered the mother to pay $100 per month in child support and allowed each party to take a tax deduction for one child. The father timely appealed, arguing only that the trial court erred in calculating the mother's child-support obligation.
Modification of child support is a matter that rests within the sound discretion of the trial court; the court's judgment *Page 969 
on that matter will not be reversed unless there is an abuse of discretion or unless the judgment is plainly or palpably wrong. Bobo v.Bobo, 585 So.2d 54, 56 (Ala.Civ.App. 1991).
At the February 12, 2002, hearing, the trial court heard the arguments of the parties' attorneys. The father and the mother did not testify. The mother's income, according to the attorneys, was estimated at $37,000 annually. The father is self-employed, and operates a business called "Fantastic Flora." On his CS-41 form, the father reported income of $1,225 per month. The mother, through her attorney, argued that the father's CS-41 form was "suspicious." According to the mother's attorney, at the time of the August 1999 divorce hearing, the father had stated that his annual income was $35,000.
The trial court announced that if neither side could produce new evidence then the court had sufficient evidence to decide the tax-deduction and child-support issues. The trial court stated it felt "pretty comfortable with the history of the case" based on testimony received at two previous hearings[1]. The trial court allowed the mother a tax deduction for the younger child. The father's attorney asked the trial court to recognize that the youngest child, whose custody was originally awarded to the mother, was, in fact, living with the father. The trial court answered, "Being familiar with the history of the case, I think I know why that happened and all that will play into my decision about what child support is going to be and I will make that determination."
On April 10, 2002, the trial court ordered the mother to pay child support in the amount of $100 per month. The trial court acknowledged that the child-support award deviated from the requirements of the Rule 32, Ala.R.Jud.Admin. The trial court stated two reasons for the deviation. First, the court found that the father had manipulated the children while they were in his custody and control. According to the trial court, the father's manipulation of the children resulted in the children's refusing to live with their mother and essentially defeated the trial court's original judgment, which granted primary custody of the youngest child to the mother. According to the trial court, the children's refusal to live with the mother had resulted in "the children stay[ing] with [the father] even though [the mother] and the court know this is not in the children's best interest." Second, the trial court questioned the validity of the father's reported monthly income. The trial court stated that it "put no faith in the [father's] contention as to the amount of his monthly income."
On appeal, the father first argues that the trial court erred in awarding child support in an amount that deviated from the child-support guidelines in Rule 32, Ala.R.Jud.Admin. Rule 32(A) and (C), Ala.R.Jud.Admin., provide a method of determining the amount of child support according to the parents' combined incomes and a schedule of basic child-support obligations. There is a rebuttable presumption that the amount of child support calculated pursuant to the Rule 32 guidelines is the "correct amount of child support to be awarded." Rule 32(A), Ala.R.Jud.Admin.
Rule 32(E), Ala.R.Jud.Admin., "`"mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form."'" M.S.H. v. C.A.H., 829 So.2d 164
(Ala.Civ.App. 2002) (quoting Thomas v. Norman, 766 So.2d 857, *Page 970 
859 (Ala.Civ.App. 2000), quoting in turn Martin v. Martin, 637 So.2d 901,902 (Ala.Civ.App. 1994)) (emphasis omitted). "`Compliance with Rule 32(E) is mandatory, even though the trial court may find that the application of the guidelines would be unjust or inequitable.'" M.S.H. v. C.A.H., 829 So.2d at 169 (quoting Thomas, 766 So.2d at 859). When the court determines that the application of the guidelines would be manifestly unjust or inequitable and then deviates from those guidelines in setting a support obligation, the court must make the findings required by Rule 32(A)(ii), Ala.R.Jud.Admin. M.S.H. v. C.A.H., supra (citing Thomas, 766 So.2d at 859). Rule 32(A), Ala.R.Jud.Admin., allows the trial court to deviate from the guidelines so long as the deviation is based on "evidence presented in court" contained in a "written finding on the record." In other words, the subsection requires the trial court to state a reason justifying its deviation from the guidelines. However, because child support is for the benefit of the minor child, see State ex rel.Shellhouse v. Bentley, 666 So.2d 517, 518 (Ala.Civ.App. 1995), the best interest of the child is the controlling consideration of the trial court in any action seeking to modify child support. Gautney v. Raymond,709 So.2d 1279, 1281 (Ala.Civ.App. 1998).
In its April 10, 2002, judgment, the trial court acknowledged that it was deviating from the Rule 32 child-support guidelines. The trial court did not explain how it reached the $100 child-support award; it stated only that the deviation in the child-support award was due to the father's manipulation of the children and his lack of credibility regarding his reported monthly income. The trial court based its findings of fact on evidence received during hearings held before the February 2002 hearing, so there is no testimony in the record that this court can review. We note that the father briefly addressed the trial court's finding that he manipulated the children, and he contends that the finding is not supported by the evidence. In considering this case, the trial court clearly indicated that it recalled the ore tenus evidence it had received in the two earlier hearings. The father did not include, as part of the record on appeal, the transcripts of those hearings; therefore, this court is unable to say that the trial court's findings were unsupported by the evidence. See Eagle Bail Bond v. State,757 So.2d 433, 436 (Ala.Civ.App. 1999) (where the wife did not include the transcript of the hearing on the husband's petition to modify alimony, this court must "presume that the evidence supports the trial court's determination").
The record clearly indicates that in deviating from the child-support guidelines, the trial court considered the father's manipulation of the children and his interference with their relationship with the mother. This court does not condone the father's misconduct. However, child support is for the benefit of the minor children, and a minor child's right to parental support is a fundamental right. Abel v. Abel,824 So.2d 767 (Ala.Civ.App. 2001). Deviating from the child-support guidelines based on a parent's misconduct penalizes the offending parent but also punishes the children because they may receive less financial support than both parents are capable of providing. We applaud the trial court's vigilance in attempting to protect the children's relationship with their mother. However, the court's contempt powers are a sufficient method of regulating the father's conduct in a manner that will best protect the children and serve their best interests. We must reverse that part of the trial court's judgment ordering the mother to pay child-support of $100 per month. *Page 971 
The father also argues on appeal that the trial court erred in awarding the mother an income-tax deduction for one of the children. The award of the income-tax-dependency exemption is a matter of discretion for the trial court and will not be reversed on appeal absent an abuse of discretion. Flanagan v. Flanagan, 656 So.2d 1228 (Ala.Civ.App. 1995). The comment to Rule 32, Ala.R.Jud.Admin., states that the child-support schedule assumes that the custodial parent will receive the tax deduction. Although it is assumed that the custodial parent will receive the income-tax deduction, the trial court can deviate from the Rule 32 guidelines and award the tax exemption to the noncustodial parent if the trial court states the reasons for deviation, in accordance with Rule 32(A)(ii), Ala.R.Jud.Admin. Flanagan v. Flanagan, supra.
The trial court stated at the February 12, 2002, hearing that the father did not have sufficient income to benefit from the tax deduction and stated that it would award the mother the tax deduction. The trial court's decision does not conform with Rule 32(A)(ii), Ala.R.Jud.Admin., because it does not state that awarding the deduction to the father would be "manifestly unjust or inequitable." Despite our understanding of the trial court's reason for awarding the exemption to the mother, we must remand this cause with instructions for the trial court to give a statement of its reasons, as required by Rule 32(A)(ii), for doing so.Flanagan, supra. Therefore, this issue is remanded to the trial court for a factual determination in accordance with the Rule 32(A)(ii).
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Crawley and Pittman, JJ., concur.
Murdock, J., concurs in part and dissents in part.
[1] The record does not contain the transcripts from those two hearings.