PITTMAN, Judge.
Marlyn Culvert Altobih (“the wife”) and Basel Rashad Altobih (“the husband”) were married on February 25, 1994. One child, a daughter, was born of the marriage. The wife sued for divorce in Jefferson County on June 27, 2000, alleging incompatibility of temperament. The divorce action was transferred, on the husband’s motion, to Madison County. The husband counterclaimed for a divorce on January 19, 2001, and requested custody of the parties’ daughter, child support, and a property division.
After conducting an ore tenus hearing, the trial court entered a judgment on March 12, 2002, divorcing the parties, awarding primary physical custody of the parties’ child to the wife, and dividing the marital property. Before the hearing, the parties had stipulated on the record as to all issues except two: the amount of child support and the ownership of certain furniture. The judgment, among other things, required the husband to pay monthly child support of $750. On June 17, 2002, the husband appealed, contending that the trial court had erred in failing to comply with Rule 32, Ala. R. Jud. Admin., in fashioning its child-support award.
At trial, the husband testified that from March 1992 until February 2000, he had operated a business called Stop and Save Convenience Store. The husband admitted that he owned the merchandise and the inventory located at the Stop and Save Convenience Store. The husband also testified that for two years he had operated a “side business” at the convenience-store location under the name “Sam’s Auto Sales,” through which he had bought and sold used automobiles. The husband stated that he was currently managing a business called the Mini Mart, a convenience store that also sold gasoline.
The husband stated that from 1992 to 1994, his gross monthly income had been $500, and that from 1994 to 1999, his gross monthly income had been $600. The husband testified that at the time the divorce action was filed, his earnings had increased to $400 a week; however, the husband admitted that approximately four months after the filing of the action, he had answered interrogatories stating that his monthly income was only $500. The husband testified that he had incurred credit-card debts in excess of $12,000 and that he was paying $300 per month toward the payment of the mortgage note on the parties’ house. The husband further admitted that he had written checks for substantial sums drawn on his financial account, including a $13,000 check for a down payment on a house. The husband’s CS-41 and CS-42 child-support forms submitted to the trial court reflect self-employment income to the husband of $1,623.33 per month and list his “recommended” monthly child-support obligation as $312.75.
The husband testified that his brother owned the Mini Mart that he was currently managing and that when this action was filed he was paid $500 a month. However, the husband admitted that the business’s bank account was in his name, that both the state and federal income-tax forms for the business had been filed in his name, that municipal and alcoholic-beverage licenses issued to the business had been issued in his name, and that the business’s sales taxes were reported in his name. Also, the husband admitted that “the store was paying all [my] bills.” The record reflects that the husband’s credit-card *148 bills, health-insurance premiums, and mortgage-loan installments were all paid by the business. However, the husband stated that that practice had ceased and that at the time of trial he was earning a salary of $400 a week, from which he was paying the personal bills that the business had previously paid.
The wife testified that she had worked during the marriage. She stated that she was employed as the general manager at a Waffle House restaurant; the wife’s CS-41 form filed in the trial court reflected a monthly income of $2,000.
Arnold Breedlove, a realtor and United States Postal Service employee who also does freelance accounting, testified by deposition that he had filed the husband’s personal and business income taxes for the tax years 1997 through 2000. Breedlove stated that none of those tax returns had reflected any moneys paid to employees for work, labor, or services. Breedlove testified that in 2000, the gross sales from the husband’s businesses had amounted to $148,447 for the Stop and Save, $115,700 for Sam’s Auto Sales, and $237,162 for the Mini Mart.
On appeal, the husband argues that the trial court erred in its application of the child-support guidelines appended to Rule 32, Ala. R. Jud. Admin., and in failing to specify in its judgment any reason for deviating from the guidelines.
The trial court’s judgment ordered the husband to pay $750 per month in child support beginning March 1, 2002. Although the trial court stated that its award was in compliance with Rule 32, we are unable to determine from the record how the court could properly have determined the husband’s monthly child-support obligation under the guidelines to be $750. The record contains Forms CS^ll (“Child Support Obligation Income Statement/Affidavit”) from both parties. The husband’s Form CS^ll indicates that he earns a gross income from self-employment of $1,623.33 per month. The wife’s Form CS-^11 indicates that she earns employment income of $2,000 per month. The record also contains two Forms CS^2 (“Child Support Guidelines”) filed by the husband. The first form, which is dated October 10, 2000, indicated that the husband was earning $541.50 per month and that the wife was earning $1,400 per month. A second form, dated September 24, 2001, indicated that the husband was earning $1,623.33 per month and that the wife was earning $2,000 per month. Using the figures in the last-filed CS-42 form, the husband’s recommended child-support obligation under the guidelines would be $312.75.
If the combined income of parties to a child-support action is within the amounts specified in the child-support schedule appended to Rule 32, Ala. R. Jud. Admin., there arises a rebuttable presumption that the amount of child support determined by application of the child-support guidelines is the correct amount of child support to be awarded. Rule 32(A), Ala. R. Jud. Admin.
“[T]his court has consistently held that the application of Rule 32 is mandatory in child-support actions filed on or after October 9,1989. A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation is improper if it is not justified in writing. In Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App.1994), this court issued the following directive:
“ “We hold, therefore, that the word “shall” in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form.’
“Compliance with Rule 32(E) is mandatory, even though the trial court may *149 find that the application of the guidelines would be unjust or inequitable. When the court determines that application of the guidelines would be manifestly unjust or inequitable, and then deviates from the guidelines in setting a support obligation, the court must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin.”
Thomas v. Norman, 766 So.2d 857, 859 (Ala.Civ.App.2000) (citations omitted).
The trial court did not follow the child-support guidelines in calculating the husband’s child-support obligation; moreover, that court did not make a written finding that the application of those guidelines would be unjust. It may well be true that, based on the evidence, a deviation from the guidelines was within the discretion of the trial court. However, Rule 32(A)(ii), Aa. R. Jud. Admin., requires that the trial court state its reasons when it makes a determination that the application of the guidelines would be unjust.
Accordingly, the judgment of the trial court is reversed. The cause is remanded for the trial court to make a finding of fact as to the husband’s monthly income and, if applicable, the amount of other items necessary in computing child support (that finding may be indicated by completing a Form CS-42), and for that court, if it deems necessary, to make a finding under Rule 32(A)(ii), Aa. R. Jud. Admin., with respect to deviation from the child-support guidelines.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result.