Kristy Cantrell Hawkins ("the mother") appeals from a judgment denying her request for an award of child support.
During the mother's marriage to Elijah O'Neil Cantrell ("the father"), a child was born of them. In May 1995, the parties were divorced. The divorce judgment awarded the mother sole legal and physical custody of the child. In August 1998, on petition of the father, the trial court modified the judgment of divorce and incorporated the parties' agreement into its modification judgment, which stated, in pertinent part:
 "That full care, custody and control of the parties minor child . . . be awarded to [the father].
 ". . . .
 "That Child Support shall be temporarily abated for the following reasons:
 "[The mother] has applied for Social Security Disability benefits which is currently under consideration by the Social Security Administration.
 "Should [the mother] qualify for Disability benefits all benefits payable to [the minor child] by the Social Security Administration shall satisfy [the mother's] child support obligation.
 "Should [the mother] be denied Social Security benefits, child support payments shall be calculated according to Rule 32 [Ala. R. Jud. Admin.] with [the mother's] current income or upon minimum wage, whichever is greater and said child support order shall be effective upon date of [the father's] filing of the [petition] to [m]odify herein."
The mother subsequently received supplemental security income ("SSI") in the amount of $571 a month, but her claim for Social Security disability benefits was ultimately denied. After the denial of the mother's application for disability benefits, the parties did not seek, and the court did not enter, any further order regarding the mother's duty to pay child support; the trial court neither calculated nor ordered a specific child-support amount to be paid by the mother, and no further action was taken by the father to collect child support from the mother. The mother did not make any child-support payments.
In October 2004, the mother filed a complaint seeking, among other things, a modification of custody. The father filed an answer to the mother's complaint and a counterclaim. After hearing oral testimony and considering other evidence, the trial court determined that a material change in circumstances had occurred and that a change in custody to the mother would materially promote the child's best interests and more than offset any the disruptive effects the change in custody might cause. See generally Ex Parte McLendon, 455 So.2d 863,866 (Ala. 1984). However, the trial court did not require the father to pay child support to the mother "due to [the father's] supporting the child without contribution by the mother for over eight years." The mother filed a postjudgment motion, which was denied in pertinent part; the mother timely appealed to this court.
On appeal, the mother contends that the trial court erred in deviating from the child-support guidelines set out in Rule 32, Ala. R. Jud. Admin., by refusing to award her child support. Specifically, she contends that her failure to pay child support in the past does not support a finding that the application of the guidelines would be unjust or inequitable because, she says, she was not required under the August 1998 judgment to pay child support. *Page 105 
It is well settled that "[w]hen a trial court bases its decision on ore tenus evidence, its judgment is presumed correct and will not be reversed on appeal absent a plain and palpable abuse of discretion." Leopold v. Leopold,955 So.2d 1031 (Ala.Civ.App. 2006). Although guided by the mandatory application of Rule 32, Ala. R. Jud. Admin., a decision concerning child support rests soundly within the trial court's discretion and will not be disturbed on appeal absent a showing that the ruling is plainly and palpably wrong. Preda v.Preda, 877 So.2d 617, 621 (Ala.Civ.App. 2003).
Rule 32(A), Ala. R. Jud. Admin., provides, in pertinent part:
 "There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record indicating that the application of the guidelines would be unjust or inappropriate shall be sufficient to rebut the presumption if the finding is based upon:
 ". . . .
 "(ii) A determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable.
 ". . . .
 ". . . The court may deviate from the guidelines . . . if evidence of other reasons justifying deviation is presented."[1]
The mother relies on Knight v. Norris, 607 So.2d 274
(Ala.Civ.App. 1992), to support her contention. InKnight, the trial court awarded the mother custody of the minor child and child support. The trial court deviated from the guidelines established in Rule 32, Ala. R. Jud. Admin., in its child-support award because the mother had not paid child support while the child had been in the father's custody. The evidence in Knight indicated that the mother had not been required to pay child support during the father's custodial period, and this court stated:
 "Although the trial court did not state that the application of the guidelines would be manifestly unjust or inequitable, it did make a finding of fact that it had deviated from Rule 32 because the mother had not paid support while the father had custody. We find that the trial court's finding of fact implicitly satisfies the requirement of Rule 32. However, we agree with the mother that, under the facts of this case, her failure to pay child support would not support a finding that the application of the guidelines would be unjust or inequitable."
607 So.2d at 276; accord DeYoung v. DeYoung,853 So.2d 967, 970 (Ala.Civ.App. 2002) ("Deviating from the child-support guidelines based on a parent's misconduct penalizes the offending parent but also punishes the children because they may receive less financial support than both parents are capable of providing.").
Under those cases, the refusal of a trial court to impose a child-support obligation upon a noncustodial parent based on the custodial parent's past failure to pay child support is not an appropriate remedy. A child has a fundamental right under our law to support from that child's parents that the parents themselves cannot waive. State ex rel Shellhouse v. *Page 106 Bentley, 666 So.2d 517 (Ala.Civ.App. 1995). "All minor children have a fundamental right to parental support and that right is deemed to be a continuing right until the age of majority." Ex parte State ex rel. Summerlin,634 So.2d 539, 541 (Ala. 1993); see also Bank Independent v.Coats, 591 So.2d 56, 60 (Ala. 1991) ("[T]he public policy of this state [provides] that parents cannot abrogate their responsibilities to their minor children by mutual agreement between themselves so as to deprive their minor children of the support to which they are legally entitled."). Similarly, a minor child's fundamental right to support from his parents may not be offset by amounts one parent may owe to another.Floyd v. Abercrombie, 816 So.2d 1051, 1056
(Ala.Civ.App. 2001) ("Allowing such a credit against a child-support obligation would, essentially, require the child to repay the custodial parent's debt to the non-custodial, support-paying spouse.").
The trial court's decision not to award child support to the mother on the ground that the mother had failed to pay child support during the period in which the father had custody is in error. Based on the foregoing, we reverse the judgment of the trial court and remand the case for the trial court to award child support to the mother pursuant to the child-support guidelines (see Rule 32, Ala. R. Jud. Admin.).
REVERSED AND REMANDED
All the judges concur.
[1] We note that Rule 32(B)(2), Ala. R. Jud. Admin., includes disability payments in, but excludes SSI from, a party's "gross income" for purposes of calculating child-support obligations pursuant to the guidelines.