THOMAS, Judge.
Molly Y. Turner (“the mother”) and Ronald W. Turner, Jr. (“the father”), were married in 1999. There are five children (“the children”) of the marriage. The parties were divorced by a judgment entered by the Mobile Circuit Court on October 21, 2015. The circuit court awarded custody of the children to the mother by incorporation of the parties’ agreement into the divorce judgment. At issue in this appeal is the award of child support, The divorce judgment reads, in pertinent part:
“With respect to child support, the [father] shall pay the [mother] $1,770.00 per month as child support, in compliance with the [Rule 32, Ala. R. Jud. Admin., child-support] guidelines based upon the income which the [father] admitted to making. The Account’s Clerk shall so note. Although the court is of the opinion that the [father] is able to make more money, insufficient evidence was presented regarding the amount to impute. In the future, so long as the children are minors, the [father] shall show the [mother] a copy of his tax returns each year (within one week of filing) so that she may determine if she could ask for-additional child support.”
On November 20, 2015, the mother filed a timely postjudgment motion in which she asserted, among other things, that the father’s testimony that he was not willing to work as much as he had in the past was sufficient to allow the circuit court to impute income to the father. After a post-judgment hearing, the circuit court entered an amended judgment on February 10, 2016, in which it modified the father’s child-support obligation to $2,000 per month because the father was no longer providing the children’s health-insurance coverage after they had been enrolled in the “ALL Kids” health-care program. The circuit court modified the child-support award, purportedly, “in compliance with the [child-support] guidelines.”
On March 22, 2016, the mother filed a timely notice of appeal seeking our review of whether the circuit court had abused its' discretion by declining to impute additional income to the father based upon his earning potential and by concluding that an award of $2,000 per month in child support is sufficient 'to meet the needs of the children. However, we cannot *922 address the mother’s arguments because we cannot determine how the circuit court concluded that the father should pay $2,000 per month for the support of five children “in compliance with” Rule 32, Ala. R. Jud. Admin.
“Compliance with Rule 32(E) is mandatory, even though the trial court may find that the application of the guidelines would be unjust or inequitable. When the court determines that application of the guidelines would be manifestly unjust or inequitable, and then deviates from the guidelines in setting a support obligation, the court must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin.”
Thomas v. Norman, 766 So.2d 857, 859 (Ala. Civ. App. 2000) (citation omitted).
The child-support guidelines do not provide for an award of $2,000 per month for the support of five children. Pursuant to the Appendix to Rule 32, a trial court may award $1,995 in monthly child support if the parents of five children earn a combined monthly adjusted gross income of $8,600 and may award $2,001 in monthly child support if the parents of five children earn a combined monthly adjusted gross income of $8,650. In this case, the circuit-court judge orally indicated that she had considered $83,000 to be the parties’ combined gross annual income, which amounts to a combined monthly adjusted gross income of $6,917.[1] Pursuant to the Appendix to Rule 32, a trial court may award $1,770 per month for the support of five children based on a combined monthly adjusted gross income of $6,917.
Because the circuit court modified the divorce judgment, purportedly “in compliance with Rule 32,” but did not order the father to pay $1,770 per month in child support, we have considered whether the circuit court could have determined that the evidence presented demonstrated that the application of the child-support guidelines would be manifestly unjust or inequitable; however, Rule 32(A)(ii) provides that, if the circuit court had made such a determination, it was required to include a written statement to that effect. A trial court may deviate from the child-support guidelines in determining a child-support amount; however, “any deviation is improper if it is not justified in writing.” Thomas, 766 So.2d at 859. If a trial court fails to apply the child-support guidelines or to present findings of fact based upon evidence before the court indicating why the child-support guidelines were not followed, this court will reverse. See Simmons v. Ellis, 628 So.2d 804, 804 (Ala. Civ. App. 1993).
We have also considered the effect of the circuit court’s conclusion that the father was voluntarily underemployed.
“ ‘The trial court is afforded the discretion to impute income to a parent for the purpose of determining child support, and the determination that a parent is voluntarily unemployed or underemployed “is to be made from the facts presented according to the judicial discretion of the trial court.” Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala. Civ. App. 1992). See also Rule 32(B)(5), Ala. R. Jud. Admin.’
“Clements v. Clements, 990 So.2d 383, 394 (Ala. Civ. App. 2007).”
Whaley v. Whaley, 218 So. 3d 360, 364 (Ala. Civ. App. 2016). In this case, the finding in the divorce judgment that the father was “able to make more money” *923 indicates that the circuit court considered the father to be voluntarily underemployed; however, the circuit court further explained that it had determined that insufficient evidence was presented regarding the amount of income to be imputed to the father.
“In determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community.”
Rule 32(B)(5).
We conclude that the circuit court did not impute income to the father, but it deviated from child-support guidelines without setting out, in writing, the reason for doing so. Therefore, the portion of the circuit court’s judgment regarding the father’s child-support obligation is reversed and the cause is remanded for the circuit court to apply the child-support guidelines, unless it determines that the application of the child-support guidelines is manifestly unjust or inequitable, in which case it may deviate from the child-support guidelines in setting a support obligation, provided that it makes the findings required by Rule 32(A)(ii), State ex rel. Dep’t of Human Res. v. Hogg, 689 So.2d 131, 133 (Ala. Civ. App. 1996); Thomas, 766 So.2d at 859.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Moore, and Donaldson, JJ., concur.
Thompson, P.J., dissents, with writing.

. That amount is based on the father’s income; the evidence presented indicated that the mother had no income.