PER CURIAM.
Connie Joe Green ("the mother") and Stephen Kerry Green ("the father") are the divorced parents of a son ("the child") who was born in September 2007. In the parties' 2009 divorce judgment, the Jefferson Circuit Court, Bessemer Division, incorporated an agreement of the parties and awarded the "care, custody, and control" of the child to the mother. It awarded the father visitation and ordered him to pay certain expenses "in lieu of paying child support." The agreement provided that the parties could not have overnight guests of the opposite sex during custodial periods.
The record contains an October 4, 2016, modification judgment that includes a determination that the father had accrued a $1,000 "child-support arrearage," which apparently resulted from the father's failure to pay certain expenses he had been ordered to pay in lieu of child support, and ordered the father to begin paying the mother $361 per month in child support. The modification judgment did not modify the child's custody and left "all other provisions of the divorce judgment in full force and effect," with the exception of one provision that is not relevant to this appeal.
On November 17, 2016, the father initiated another modification action. The father complained that the mother had notified him that, in violation of the terms of the divorce judgment, she and the child were moving in with a man. The father requested an award of "primary" physical custody of the child. The mother filed an answer in which she asserted, among other things, that she was not violating the terms of the divorce judgment because, she argued, she was in a common-law marriage relationship with the man. The father filed an amended complaint seeking an emergency hearing, in which he asserted *901 that the mother and the child had moved into the man's house, that the mother had enrolled the child in a new school, and that the child did not have his own bedroom. The circuit court entered orders setting a hearing and ordering the mother to bring the child to the hearing.
The circuit court entered a modification judgment on May 12, 2017, finding the mother in contempt based upon its determination that she and the man were living together "under the pretense of a common-law marriage." Regardless, the circuit court concluded that the mother and the father would "continue to share joint custody" of the child[1] and included a detailed custody and visitation schedule, which provides that the child will live with the mother during the school year, subject to the father's right to visitation on odd weekends each month, and that the child will live with the father 8 of 10 weeks during the summer. The circuit court also provided a relatively equal holiday-visitation schedule.[2] The circuit court did not require either party to pay child support and set out in writing that it had intentionally deviated from the Rule 32, Ala. R. Jud. Admin., child-support guidelines because the mother and the father were to "jointly share custody and expenses." The judgment allows each parent to claim the child as a dependent on his or her income-tax return every other year.
The mother filed a timely postjudgment motion, which the circuit court denied. The mother filed a timely notice of appeal, seeking our review of whether the circuit court had erred by not ordering the father to pay child support, by allowing the father to claim the child as a dependent for income-tax purposes every other year, and by limiting the mother to a two-week custodial period in the summers. Notably, the mother expressly waives any issue on appeal regarding the award of joint custody of the child. The mother's appellate brief reads:
"The Order contains a factual error as it incorrectly implies that the parties shared joint custody of [the child] prior to the entry of the Order when, in fact, the Mother had sole custody of [the child]. Be that as it may, the Mother does not appeal the award of joint custody."
A court reporter was not present at the modification hearing, and, thus, there is no transcript of that hearing. Rule 10(d), Ala. R. App. P., states, in pertinent part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." The mother prepared a statement of the evidence. Although the father did not file an objection or any proposed amendments to the mother's statement of the evidence, as permitted by Rule 10(d), the circuit court issued its own statement of the evidence, which is included in the record on appeal. See Rule 10(d) ("The statement, either as approved by the court or as issued by the court ..., shall be filed with the clerk of the trial court, who shall include it in the record on appeal."). The mother filed in this court a motion to strike the circuit court's statement of the evidence, which we denied.
The circuit court's statement of the *902 evidence consists of five brief paragraphs.[3] The first paragraph provides that the mother failed to demonstrate the existence of a common-law marriage, which is not an issue on appeal. The second paragraph reads:
"This Court agrees that neither Party timely submitted [child-support] forms; however, the [father] filed a CS-41 form on April 24, 2017, after trial, which the Court did not consider. This Court agrees [that the father] resides in his parents' home. Evidence was not presented to the Court with respect to payment of [the father's] bills."
The third paragraph provides that a certain witness's testimony was not relevant to the issue of child support. The fourth paragraph indicates that the child testified in camera. The final paragraph provides a short summary of evidence presented regarding a gun collection, which is not a subject of this appeal. Our review of the issues presented is limited by the brevity of the statement of evidence.
First, the mother argues that the circuit court abused its discretion by not ordering the father to pay child support. Matters related to child support, including modifications of a child-support order, rest soundly within the trial court's discretion and will not be disturbed on appeal, absent a showing that the ruling is unsupported by the evidence and thus is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505, 507 (Ala. Civ. App. 1997).
" ' "Compliance with Rule 32(E)[, Ala. R. Jud. Admin., requiring the filing of certain child-support forms,] is mandatory, even though the trial court may find that the application of the [child-support] guidelines would be unjust or inequitable." ' " DeYoung v. DeYoung, 853 So.2d 967, 970 (Ala. Civ. App. 2002) (quoting M.S.H. v. C.A.H., 829 So.2d 164, 169 (Ala. Civ. App. 2002), quoting in turn Thomas v. Norman, 766 So.2d 857, 859 (Ala. Civ. App. 2000) ). "Rule 32(A)(1)(a), Ala. R. Jud. Admin., provides that a trial court may, in its discretion, deviate from the child-support guidelines under certain circumstances. Shared physical custody is a recognized basis for such a deviation." Shewbart v. Shewbart, 19 So.3d 223, 230-31 (Ala. Civ. App. 2009). Pursuant to Rule 32(A)(1)(a), a trial court has the discretion, in a case in which joint physical custody is awarded, to not award child support based on the particular circumstances of the case. See, e.g., Bonner v. Bonner, 170 So.3d 697, 701, 705 (Ala. Civ. App. 2015) (affirming a judgment that did not award child support when the parties were to exercise equal custodial periods with the child). However, even when a trial court states its reasons for deviating from the child-support guidelines, the decision to deviate is still subject to review to determine whether the deviation is justified by the particular circumstances of that case. See, e.g., State ex rel. O'Neal v. Jones, 646 So.2d 150, 151 (Ala. Civ. App. 1994) (reversing trial court's judgment deviating from the child-support guidelines due to the court's providing an insufficient reason for the deviation). We " 'cannot affirm a child-support order if [we have] to guess at what facts the trial court found in order to enter the support order it entered....' " Willis v. Willis, 45 So.3d 347, 349 (Ala. Civ. App. 2010) (quoting Mosley v. Mosley, 747 So.2d 894, 898 (Ala. Civ. App. 1999) ). In this case, pursuant *903 to the May 12, 2017, modification judgment under review, the child lives with the mother for substantially longer periods than he lives with the father. Although a deviation from the child-support guidelines would be permissible in this case, by going so far as to not award child support in light of the particular joint-physical-custody schedule in this case, we agree with the mother that the circuit court abused its discretion. Accordingly, we reverse the circuit court's judgment insofar as it fails to require the father to pay child support. On remand the parties and the circuit court shall prepare the appropriate child-support forms in accordance with Rule 32(E), and the circuit court is instructed to comply with Rule 32 in making its child-support determination.
Second, we consider whether the circuit court abused its discretion by allowing the father to claim the child as a dependent on his income taxes every other year. "The allocation of the income tax dependency exemption rests in the sound discretion of the trial court, so long as the court states the reason for any deviation from the 'guidelines.' " K.T.W.P. v. D.R.W., 721 So.2d 699, 704 (Ala. Civ. App. 1998) (citing Flanagan v. Flanagan, 656 So.2d 1228, 1232 (Ala. Civ. App. 1995) ). "Although it is assumed that the custodial parent will receive the income-tax [exemption], the trial court can deviate from the Rule 32 guidelines and award the tax exemption to the noncustodial parent if the trial court states the reasons for deviation, in accordance with Rule 32(A)(ii), Ala. R. Jud. Admin." DeYoung v. DeYoung, 853 So.2d at 971. The award of the income-tax exemption is an issue that is related to child support; therefore, that award is also reversed, and the circuit court should, on remand, redetermine who is entitled to claim that exemption, as a part of its child-support determination made in compliance with Rule 32. See Arnold v. Arnold, 977 So.2d 501, 507-08 (Ala. Civ. App. 2007).
Finally, we cannot say that the circuit court abused its discretion by allowing the mother to have custody of the child for only 2 of 10 weeks in the summer in light of the fact that the circuit court interviewed the child in camera and considered the 10-year-old child's preferences. "[T]he preference of a child whose custody is at issue 'is an important factor for the trial court to consider in a custody modification case,' although that preference is not controlling." Dean v. Dean, 998 So.2d 1060, 1065 (Ala. Civ. App. 2008) (quoting S.R. v. S.R., 716 So.2d 733, 735-36 (Ala. Civ. App. 1998) ). The mother has not demonstrated that the judgment should be reversed regarding the issue of the parties' summer custodial periods.
We affirm the judgment as to the award of summer custodial periods, but we reverse the judgment as to child support and the income-tax exemption and remand the cause for the circuit court to enter a judgment in compliance with Rule 32.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Pittman and Moore, JJ., concur.
Thompson, P.J., concurs in part and concurs in the result in part, with writing.
Thomas, J., concurs in part and dissents in part, with writing, which Donaldson, J., joins.
THOMPSON, Presiding Judge, concurring in part and concurring in the result in part.
The trial court's characterization of the custody award as one of "joint custody" does not preclude an award of child support, and I conclude that, under the facts of this case, the trial court erred in failing *904 to require Stephen Kerry Green ("the father") to contribute to the support of the parties' child.
" 'Actions concerning child support, although guided by the mandatory application of Rule 32, Ala. R. Jud. Admin., are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent a finding that the trial court's award is a palpable abuse of its discretion. Peck v. Peck, 581 So.2d 1119 (Ala. Civ. App. 1991) ; Belser v. Belser, 558 So.2d 960 (Ala. Civ. App. 1990). The amount of support which would result from the application of the guidelines is presumed to be the correct amount of child support. Rule 32(A), Ala. R. Jud. Admin. This presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, the application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(ii), Ala. R. Jud. Admin.; Peck, supra. ' "
Bonner v. Bonner, 170 So.3d 697, 705 (Ala. Civ. App. 2015) (quoting Hutchins v. Hutchins, 637 So.2d 1371, 1373-74 (Ala. Civ. App. 1994) ).
In this case, under the judgment we have been asked to review, Connie Joe Green ("the mother") has custody of the child from early August each year until the end of May, i.e., during the school year. The father has visitation on odd weekends during those 10 months, amounting to approximately 44 days, assuming 2 months occur that have 5 weekends. The father also has visitation with the child for 56 days during the summer. The parties alternate holidays each year, so the division of that time is equal. Disregarding the equal award of holiday visitation to each party, the father has visitation with the child a little more than one-quarter of the time. Thus, although the trial court has ordered a purported "joint custody" award, the mother has the child in her home significantly more often than the father, which necessitates her spending more money than the father to support the child.
In Motley v. Motley, 69 So.3d 210 (Ala. Civ. App. 2011), this court held that a custody award that is substantially similar to the one in this case was not an award of joint custody, as the trial court in that case had found, but was instead an award of sole physical custody to the mother. After reaching that determination, this court held that the trial court in that case had erred in ordering the mother to pay child support to the father, the noncustodial parent. 69 So.3d at 218.
The award of custody in this case is similar to the award in Motley v. Motley, supra. I conclude that the custody award in this case is not in the nature of an award of joint physical custody. Rather, the mother has sole physical custody of the child, and the father, as the noncustodial parent, has rights of visitation. Motley v. Motley, 69 So.3d at 218.[4]
A noncustodial parent, such as the father in this case, has a duty to contribute to the support of his child. Davenport v. Hood, 814 So.2d 268, 274 (Ala. Civ. App. 2000) ("[A] parent has a duty to support his or her minor child."). Unless there is a reason as to why requiring the father to contribute to the child's support is unjust or inequitable, there is no reason to deviate from the amount of child support established by a calculation made pursuant to the Rule 32, Ala. R. Jud. Admin., child-support guidelines. Hannah v. Hannah, 582 So.2d 1125, 1126 (Ala. Civ. App. 1991)
*905 ("When applied, the guidelines are presumed to render the correct amount of child support.").
In this case, neither party timely filed the required Rule 32, Ala. R. Jud. Admin., child-support forms. See Rule 32(E). The trial court's judgment does not incorporate any such forms and makes no reference to a calculation of child support made pursuant to the Rule 32 child-support guidelines. Rule 32 requires that a "child-support obligation shall be determined by using the schedule of basic child-support obligations," Rule 32(C)(1), and that the child-support forms "shall be of record and shall be deemed to be incorporated by reference in the court's child-support order." Rule 32(E). A trial court may deviate from the child-support guidelines upon a finding that the amount resulting from a calculation made pursuant to those guidelines is unjust or inequitable. Rule 32(A)(ii). However, the trial court is still required to comply with Rule 32(E). " ' "Compliance with Rule 32(E) is mandatory, even though the trial court may find that the application of the guidelines would be unjust or inequitable." ' " DeYoung v. DeYoung, 853 So.2d 967, 970 (Ala. Civ. App. 2002) (quoting M.S.H. v. C.A.H., 829 So.2d 164, 169 (Ala. Civ. App. 2002), quoting in turn Thomas v. Norman, 766 So.2d 857, 859 (Ala. Civ. App. 2000) ). There is no indication of the appropriate amount of child support to be awarded in this case under the Rule 32 child-support guidelines, and the only reason identified by the trial court for its deviation from the child-support guidelines was the purported joint-custody award. I conclude that the trial court's failure to incorporate into its judgment the forms required by Rule 32(E) was reversible error. Robinson v. Robinson, 795 So.2d 729, 734 (Ala. Civ. App. 2001) (" 'A trial court's failure to follow the guidelines or to make written a finding that application of the guidelines would be unjust, is reversible error.' " (quoting State ex rel. Waites v. Isbell, 718 So.2d 85, 86 (Ala. Civ. App. 1998) ) ).
Further, even assuming that the trial court's statement that the parties shall "jointly share custody and expenses" for the child is an implicit finding that the application of the child-support guidelines is unjust, see Knight v. Norris, 607 So.2d 274, 276 (Ala. Civ. App. 1992), I cannot agree that the custody award set forth in the judgment is sufficient to warrant a deviation from the child-support guidelines under Rule 32. As already stated, I conclude that that custody arrangement is actually one awarding the mother sole physical custody. Rule 32 contemplates a deviation when, among other things, there is "[s]hared physical custody or visitation rights providing for periods of physical custody or care of children by the obligor parent substantially in excess of those customarily approved or ordered by the court." Rule 32(A)(1)(a). In this case, the father was awarded a fairly standard schedule of alternating weekend and holiday visitation, and he was awarded summer visitation of only two to four weeks in excess of that generally awarded by trial courts in a standard visitation award. The judgment at issue does not provide the father visitation that is "substantially in excess" of visitation periods contemplated by the child-support guidelines. See Comment to Rule 32 (as amended to conform to amendments to Rule 32 effective October 4, 1993) ("The Schedule of Basic Child Support Obligations is premised on the assumption that the noncustodial parent will exercise customary visitation rights, including summer visitation. Any abatement of child support because of extraordinary visitation should be based on visitation in excess of customary visitation."); see also Comment to Amendments to Rule 32 Effective January 1, 2009 (same). Accordingly, *906 I conclude that the trial court erred in failing to determine a child-support obligation for the father, and, for that reason, I concur in the result insofar as the main opinion reverses the trial court's judgment as to the issue of child support.
Similarly, because the issue of the income-tax exemption is a part of the overall child-support determination, I also concur in the result insofar as the main opinion reverses that part of the judgment. I concur in that part of the main opinion that affirms the award of summer custodial periods.

Nothing in the record supports a conclusion that the mother and the father had shared joint custody of the child in the past.

"Joint physical custody does not necessarily mean physical custody of equal durations of time." § 30-3-151(3), Ala. Code 1975.

We did not review the mother's Rule 10(d) statement, which she included in her appellate brief. This court is limited to a review of the record alone, and "[t]he record cannot be changed, altered or varied on appeal by statements in briefs of counsel, nor by affidavits or other evidence not appearing in the record." Cooper v. Adams, 295 Ala. 58, 61, 322 So.2d 706, 708 (1975).

The mother does not appeal the trial court's characterization of the custody award as one of "joint custody," and, therefore, that issue is not before this court.